Marc A. Karish (State Bar No. 205440)
A. Eric Bjorgum (State Bar No. 198392)
KARISH & BJORGUM, PC
119 E. Union Street, Suite B
Pasadena, California  91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: marc.karish@kb-ip.com

Attorneys for Defendants/Counterclaimants
ARKON RESOURCES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PRODUCTS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARKON RESOURCES, INC., a California corporation,<br><br>Defendant. | Case No.: 18-cv-02936 AG (SSx)<br><br>**DEFENDANT ARKON RESOURCES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**[L.R. 56]** |
| ARKON RESOURCES, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>NATIONAL PRODUCTS, INC., a California corporation,<br>Counterdefendant. | **Date: December 17, 2018**<br>**Time: 10:00 am**<br>**Place:   Courtroom 10D**<br>**Judge:  Hon. Andrew J. Guilford**<br>       **U.S. District Court Judge**<br><br>**Discovery Cut-off: July 20, 2018**<br>**Pretrial Conference: February 11, 2019**<br>**Trial Date: February 26, 2019** |

PURSUANT TO LOCAL RULE 56 AND THIS COURT'S SCHEDULING AND CASE MANAGEMENT ORDER, COMES NOW DEFENDANT ARKON RESOURCES, INC. and submits this Separate Statement of Uncontroverted Facts and Conclusions of Law in support of its motion for summary judgment.

## STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| 1.    Plaintiff National Products, Inc. ("NPI") alleges infringement of claims 21, 23, 27 and 30 of U.S. Patent No. 6,585,212 ("the '212 Patent") of which claims 21 and 27 are independent. | Declaration of Marc Karish ("Karish Dec., Exh. B, Plaintiff's amended infringement contentions at p. 2). |
| 2.    Arkon Resources, Inc. ("Arkon") sells RoadVise products which Arkon purchases from third party High Gear Specialties, Inc. | 1.    Declaration of Paul Brassard ("Brassard Dec."), ¶8, 9. |
| 3.    Arkon's supplier High Gear Specialties, Inc. obtained U.S. Patent Nos. 9,707,901 and 9,931,995 directed to the RoadVise products. | Karish Dec., Exhs. C and D. |
| 4.    U.S. Patent No. 6,585,212 ("the 212 Patent ") was not cited against either of U.S. Patent Nos. 9,707,901 or 9,931,995 | Karish Dec., Exhs. C and D. |
| 5.    The Jaw portion of the RoadVise products extend in a straight | Bryant Dec., Exh. A, p. 25; Brassard Dec., ¶11. |

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| line from the base portion. | |
| 6.     The Jaw portions of the RoadVise products have a curved surface. | Bryant Dec., Exh. A, p. 25; Brassard Dec., ¶11. |
| 7.     The RoadVise products have two separate but identical clamping mechanisms independently suspended from a central pedestal. | Bryant Dec., Exh. A, p. 27; Brassard Dec., ¶10. |
| 8.     The only device mounting surface of the RoadVise is on the central pedestal. | Bryant Dec., Exh. A, p. 27. |
| 9.     Each of the RoadVise clamping mechanisms is attached to different sets of rods. | Bryant Dec., Exh. A, p. 27; Brassard Dec., ¶13. |
| 10.    The rods do not have any device mounting surface. | Bryant Dec, Exh. A, p. 27; Brassard Dec., ¶14. |
| 11.    In the RoadVise products, the two clamp mechanisms are attached to rods in a fixed manner and cannot be adjusted. | Bryant Dec, Exh. A, p. 28; Brassard Dec., ¶13. |
| 12.    The position of the thin rubber sheet is determined by the shape of the clamp mechanism and not by any interaction between the frame member and the arm. | Bryant Dec, Exh. A, p. 28. |

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| 13.    The bases of the RoadVise clamp mechanisms have about the same length and width. | Brassard Dec., ¶16. |
| 14.    Arkon sells Mobile Grip 2 Products. | Brassard Dec., ¶17. |
| 15.    The arms of the Mobile Grip 2 Product are integrally formed with the frame members as unitary non-adjustable structures. | Brassard Dec., ¶18; Bryant Dec., Exh. A at 37. |
| 16.    Each arm of the Mobile Grip 2 Product has a perpendicular core with a rubber overmold. | Brassard Dec., ¶20. Bryant Dec., Exh. A at 38. |
| 17.    The perpendicular core extends from the device mounting surface. | Bryant Dec., Exh. A at 38, 40. |
| 18.    The rubber overmold is flexible and can be bent with little finger pressure. | Brassard Dec., ¶21. |
| 19.    The base portion of the arm connected to the rods has a similar length and width and the jaw portions of both arms have similar lengths and widths. | Brassard Dec., ¶22. |
| 20.    Arkon sells the Slim Grip products. | Brassard Dec., ¶23. |
| 21.    The jaw portions of the | Brassard Dec., ¶25. |

DEFENDANT ARKON RESOURCES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| clamping mechanisms of the Slim Grip products are positioned adjacent to the device mounting surfaces of the frame members. | |
| 22.   The clamping mechanisms of the Slim Grip products are not vertically adjustable. | Brassard Dec., ¶26. |
| 23.   The jaw portion of the Slim Grip clamping mechanism extends at an acute angle from the base portion. | Bryant Dec., Exh. A at 49. |
| 24.   The base portion of the Slim Grip clamping mechanism has similar lengths and widths. | Brassard Dec., ¶27. |
| 25.   Arkon sells Universal Tablet Holder products. | Brassard Dec., ¶28. |
| 26.   NPI's President Jeffrey Carnevali ("Carnevali") ordered a sample of the Universal Tablet Holder product in November 2011, but infringement hadn't crossed his mind. | Brassard Dec., Exh. A; Declaration of Marc Karish ("Karish Dec."), Exh. F (Carnevali Deposition Transcript at 129:4-130:9.) |
| 27.   The clamping mechanisms of the Universal Tablet Holder are not vertically adjustable. | Brassard Dec., ¶31. |
| 28.   The jaw portion of the Universal Tablet Holder clamping mechanism | Bryant Dec., Exh. A at 59. |

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| extends at an acute angle from the base portion. | |
| 29.    The base portions of the Universal Table Holder clamping mechanisms have greater widths than lengths. | Brassard Dec., ¶32. |
| 30.    Carnevali was aware of U.S. Patent No. 5,305,381 to Wang prior to filing the '212 Patent but did not disclose it to the U.S. Patent and Trademark Office. | Karish Dec., Exh. K (Carnevali Depo) Carnevali Depo at 104:21-105:11; Exh. A. |
| 31.    NPI showed a spring loaded cradle in its 1994 catalog. | Karish Dec., Exh. K (Carnevali Depo.), at 64:9-20, 65:4-67:24; Exh. L at 1. |
| 32.    Carnevali did not disclose the spring loaded cradle from its 1994 catalog to the U.S. Patent and Trademark Office during prosecution of the '212 Patent. | Karish Dec. Exh. A. |
| 33.    Arkon sold its CM228 product prior to August 20, 2000 and that product had spring loaded frame members and clamping mechanisms that were removeable and adjustable. | Brassard Dec., ¶33, Exh. B. |
| 34.    In April 2001, NPI published a catalog with a laptop computer tray by | Karish Dec., Exh. K (Carnevali Depo.), at 98:10-103:4; Exh. M at NPI- |

| Undisputed Fact: | Supporting Evidence: |
|---|---|
| Gamber Johnson that had frame members with arms that could be vertically and horizontally adjusted. | ARK00005669 and 5671 (discussing item 24). |
| 35.    Carnevali did not disclose the Gamber Johnson laptop computer tray to the U.S. Patent and Trademark Office during prosecution of the '212 Patent. | Karish Dec., Exh. A. |
| 36.    NPI placed the word "patented" on its products allegedly practicing the '212 Patent, but did not place the '212 Patent number on the products. | Karish Dec., Exh. V (NPI 30(b)(6) deposition of Chad Remmers) at 75:10-78:21, 84:18-93:16. |
| 37.    NPI placed its main website address: www.rammount.com on the products, but did not place the address of the NPI's patents and trademarks page on the products. | Karish Dec., Exh. V (NPI 30(b)(6) deposition of Chad Remmers) at 75:10-78:21, 84:18-93:16. |
| 38.    NPI's patent and trademark webpage lists over 100 patents, none of which are associated with any of the thousands of products sold by NPI. | Karish Dec., Exh. W. |
| 39.    NPI never contacted Arkon about the '212 Patent prior to filing this lawsuit. | Brassard Dec., ¶37. |

DEFENDANT ARKON RESOURCES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## PROPOSED CONCLUSIONS OF LAW

1.      Defendant's RoadVise products do not infringe any of claims 21, 23, 27 and 30 of the '212 Patent.

2.      Defendant's Mobile Grip 2 products do not infringe any of claims 21, 23, 27 and 30 of the '212 Patent.

3.      Defendant's Slim Grip products do not infringe any of claims 21, 23, 27 and 30 of the '212 Patent.

4.      Defendant's RoadVise product does not infringe any of claims 21, 23, 27 and 30 of the '212 Patent.

5.      Claim 27 and claim 30 depending therefrom are invalid as indefinite.

6.      Claims 21, 23, 27 and 30 are invalid as obvious over Wang (U.S. Patent No. 5,305,381) in combination with one or more of Arkon's CM228 Product, MacKenzie (U.S. Patent No. 4,406,928), Rioux (U.S. Patent No. 5,222,132), Fan (U.S. Patent No. 5,697,071), Wisniewski (U.S. Patent No. 6,382,580).

6.      Claims 21, 23, 27 and 30 are invalid as obvious Arkon's CM228 Product in combination with one or more of Wang (U.S. Patent No. 5,305,381), MacKenzie (U.S. Patent No. 4,406,928), Rioux (U.S. Patent No. 5,222,132), Fan (U.S. Patent No. 5,697,071), Wisniewski (U.S. Patent No. 6,382,580).

7.      Plaintiff failed to properly mark its products in accordance with 35 U.S.C. §287(a).

Respectfully submitted,

KARISH & BJORGUM, PC

Date:  October 25, 2018          By: */Marc Karish/*_____
                                                  Marc Karish
                                                  Attorneys for Defendant
                                                  ARKON RESOURCES, INC.