UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO NO ANTICIPATION AND NO WAIVER, ACQUIESCENCE, OR ESTOPPEL (NO. CV 18-02936, DKT. 175; NO. CV 18-03505, DKT. 100); DEFENDANT ARKON RESOURCES' MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS AND COUNTERCLAIMS (NO. CV 18-02936, DKT. 170); AND DEFENDANT WIRELESS ACCESSORY SOLUTIONS dba IBOLT's MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS AND COUNTERCLAIMS (NO. CV 18-3505, DKT. 95)**

National Products, Inc. ("NPI") originally filed these two cases for patent infringement— along with a few others—in the Western District of Washington in December 2015. (*See* No. CV 18-02936, Dkt. 1; No. CV 18-03505, Dkt. 1.) While the cases were pending in W.D. Wash., they were consolidated for all pretrial purposes, but were set to be tried separately. (*See, e.g.*, No. CV 18-02936, Dkts. 21, 22; No. CV 18-03505, Dkts. 22, 23.) After *TC Heartland* changed the legal landscape for patent venue, *see In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017), Arkon Resources, Inc. and Wireless Accessory Solutions, LLC dba "IBOLT" successfully moved for transfer under Rule 12(b)(3). Their cases were transferred here in April 2018. (No. CV 18-02936, Dkt. 129, 140; No. CV 18-03505, Dkt. 38, 51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

The parties have filed cross motions for summary judgment. (No. CV 18-02936, Dkt. 175 (NPI's motion for partial summary judgment against Arkon); No. CV 18-03505, Dkt. 100 (NPI's motion for partial summary judgment against IBOLT); No. CV 18-02936, Dkt. 170 (Arkon's summary judgment motion); No. CV 18-03505, Dkt. 95 (IBOLT's summary judgment motion).) Because much of the briefing on the summary judgment motions is the same between the two cases, the remainder of the docket citations in this Order will be to Case No. CV 18-02936 unless otherwise noted.

A hearing was held on the motions on January 7, 2019 and the matters were taken under submission. As detailed in the Disposition section of this Order, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Arkon's and IBOLT's summary judgment motions and **GRANTS** NPI's summary judgment motions. The Court also **STRIKES** certain paragraphs of the declarations of Paul Brassard in support of Defendants' summary judgment motions.

## 1. BACKGROUND

### 1.1 The Asserted Patent

NPI asserts that Arkon infringes Claims 21, 23, 27, and 30 of U.S. Patent No. 6,585,212 ("the '212 Patent") (*see* Dkt. 170 at 1) and IBOLT infringes Claims 21, 23, and 27 of the '212 Patent (No. CV 18-03505, Dkt. 95 at 1). The '212 Patent is titled "Quick Release Electronics Platform." It "relates generally to trays for holding portable electronic devices, and in particular to quick release trays for holding portable electronic devices." '212 Patent at 1:7–9. Figure 1 of the '212 Patent "shows the invention embodied as a platform for mounting in a vehicle various accessory devices, such as a portable computer (shown)" (*id.* at 2:11–13):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |



*Fig. 1.*

*Id.* at FIG. 1. The '212 Patent specification emphasizes embodiments of the "clamp member **26**" attached to the platform. Figures 3A and 3D, for instance, show two alternative clamp member embodiments:



*Fig. 3A.*          *Fig. 3D.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

*Id.* at FIGS. 3A, 3D. The specification explains that "the straight portion **72** is formed at an appropriate predetermined obtuse angle **74** to the base portion **64**." *Id.* at 5:22–24. For both embodiments, this angle **74** is "about 135 degrees . . . but according to other embodiments of the invention can optionally vary + or – 15 degrees or more." *Id.* at 5:24–27; *see also id.* at 6:30–31.

Claims 21 and 27 are independent claims. Claim 21 recites:

> 21.     A mounting device, comprising:
> a clamping mechanism, comprising:
>> a substantially rigid base portion including a mounting structure for mounting on an external member,
>> **a substantially rigid jaw portion extending at an obtuse angle from one end of the base portion**, and
>> a resilient compressible pad fixed to a surface of the jaw portion positioned on an interior of the obtuse angle;
> first and second frame members slidably interconnected for relative motion along a first direction, one of the first and second frame members including a device mounting surface positioned relative to the first direction and a clamp mounting surface formed relative to the device mounting surface, the clamp mounting surface being structured to cooperate with the mounting structure of the clamping mechanism for positioning the resilient compressible pad spaced away from and inclined toward the device mounting surface; and
> a biasing member mechanically coupled between the first and second frame members for biasing the first and second frame members together along the first direction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

*Id.* at Claim 21 (emphasis added). Claim 27 similarly recites, *inter alia*, a clamping mechanism comprising a "substantially rigid, elongated base portion" and "a substantially rigid, elongated jaw portion extending at a predetermined obtuse angle from one end of the elongated base portion." *Id.* at Claim 27.

### 1.2    W.D. Wash. Claim Construction

Before these cases were transferred to this District, the court in the Western District of Washington construed certain disputed terms in the asserted '212 Patent claims. (Dkt. 96.) The W.D. Wash. court considered the parties' dispute regarding the meaning of the terms "base portion [of the clamping member/mechanism]" at length and construed both terms to mean "the bottom part of a clamping member or a clamping mechanism." (*Id.* at 17–24, 24.) In doing so, the W.D. Wash. court found that the phrases "clamping member" and "clamping mechanism" as used in the '212 Patent both refer to the "arm tool that is mounted onto the frame members and grips the accessory device" (*id.* at 22) and not the "larger mounting apparatus itself" (*id.* at 23). The W.D. Wash. court rejected Defendants' proposal to include additional language about how the jaw portion connects to the base portion, finding the language unnecessary and improperly limiting. (*Id.* at 24.) The W.D. Wash. court similarly construed "jaw portion" as the "gripping part of a clamping member or a clamping mechanism that engages an accessory device," again rejecting Defendants' additional proposal for language describing the connection between the jaw portion and the base portion. (*Id.* at 25–27.)

The W.D. Wash. court also considered the claim phrases that included the term "obtuse angle." The W.D. Wash. court rejected both of the parties' claim construction proposals, which each attempted to provide more specificity regarding how to measure the angle based on references to the device mounting surface or other aspects of the parties' proposed constructions that had already been rejected. For instance, Defendants' proposal referred to measuring the angle "between the axis of the straight portion of the jaw portion and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

intersecting axis of the base portion." The W.D. Wash. court had already found Defendants' request to require that the jaw portion be construed to require a "straight portion" was unsupported by the record. NPI's proposal referred to measuring the angle using a "line perpendicular to the device mounting surface." The W.D. Wash. court questioned this approach and noted that "the angle is repeatedly measured from 'one end of the elongated base portion' or linked 'to the base portion.'" (*Id.* at 30 (citing '212 Patent at 1:60–61, 5:22–23).) The W.D. Wash. court found that the larger phrases in the claims were "readily understandable and [ ] carry no special meaning," but adopted the parties' agreed-upon construction for the smaller phrase "jaw portion extending at a[n] [predetermined] obtuse angle from one end of the [elongated] base portion" as "jaw portion extending at an angle greater than 90 degrees and less than 180 degrees from one end of the base portion." (*Id.* at 30–31.)

Finally, the W.D. Wash. court construed the phrase "clamp mounting surface being structured to cooperate with the mounting structure of the clamping mechanism for positioning the resilient compressible pad spaced away from and inclined toward the device mounting surface" as "clamp mounting surface acts together with the mounting surface of the clamping mechanism or clamping member so that the resilient compressible pad of the jaw portion is spaced away from and inclined towards the device mounting surface." (*Id.* at 31–32.) The court explained that "[t]he term 'cooperate' in the Patent is used when describing how two high friction surface areas may interact to hold two structures in place." (*Id.* at 32 (citing '212 Patent at 5:45–52, 10:46–47).) The court further stated that "the Patent makes clear that the relevant interaction is between the clamp mounting surface of the frame members and the base portion of the arm tool." (*Id.* at 33.)

After considering each of the terms construed by the W.D. Wash. court and the accompanying analysis, the Court finds the claim construction order (Dkt. 96) acceptable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

### 1.3    The Accused Products

As noted, NPI asserts that three of Arkon's products and three of IBOLT's products infringe Claims 21, 23, and 27 of the '212 Patent. (Dkt. 170 at 1; No. CV 18-03505, Dkt. 95 at 1.) NPI also asserts that a fourth Arkon product infringes Claims 21, 23, and 27 as well as Claim 30. Images of the accused products are provided in the following chart (the images, from NPI's expert's report, also annotate the portion of the accused products that NPI identifies as meeting the "clamping mechanism" limitation of the asserted claims, as these aspects of the accused products take center stage in Defendants' non-infringement positions):

| ACCUSED PRODUCT IMAGE (with citation) | ACCUSED PRODUCT NAME |
|---|---|
|   (Dkt. 179-11 (Initial Expert Report of James B. Babcock Regarding Infringement by Arkon ("Babcock Arkon Infringement Report")) at ECF47) | Arkon's RoadVise Product (Claims 21, 23, 27, and 30) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

| | |
|---|---|
|  <br> (*Id.* at ECF106, ECF96) | Arkon's Slim Grip Product (Claims 21, 23, and 27) |
|  <br> (*Id.* at ECF120) | Arkon's Universal Tablet Holder Product (Claims 21, 23, and 27) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |



(*Id.* at ECF69)



(No. CV 18-03505, Dkt. 105-12 (Initial Expert Report of James B. Babcock Regarding Infringement by IBOLT ("Babcock IBOLT Infringement Report")) at ECF45)

Arkon's Mobile Grip 2 Product (Claims 21, 23, and 27)

and

IBOLT's miniPro Connect product (Claims 21, 23, and 27)

*Parties appear to treat these products substantially the same for purposes of their infringement/non-infringement analysis. They will be addressed together.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

| | |
|---|---|
|  <br> (*Id.* at ECF95) | IBOLT's xProDock NFC Bizmount product (Claims 21, 23, and 27) |
|  <br> (*Id.* at ECF72) | IBOLT's sPro2 product |

### 1.4    *Inter Partes* Review Proceedings

Defendants filed petitions for *inter partes* review before the Patent Trial and Appeal Board, seeking to prove certain claims of the '212 Patent were invalid over combinations of prior art

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|----------|----------------------|------|-----------------|
|          | CV 18-03505 AG (SSx) |      |                 |
| Title    | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|          | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

patents/printed publications. The PTAB denied IPR, including as to the asserted claims. Dkt. 170-8 (IPR2016-01663, Paper 12). The PTAB found that the petitioners had failed to offer explanation as to how a prior art patent to Wang included a "clamp mounting surface" as required by Claims 21 and 27. *Id.* at 11.

## 2. LEGAL STANDARDS

### 2.1    Summary Judgment

Summary judgment is appropriate when, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). At the summary judgment stage, a court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," such as a fact necessary to the proof of a defense or a claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).

"Summary judgment is as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks omitted). If the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

non-moving party fails to produce enough evidence to show a genuine issue of material fact, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322–23.

### 2.2    Patent Infringement

Determining patent infringement is a two-step process. *PSC Comput. Prods., Inc. v. Foxconn Int'l*, 355 F.3d 1353, 1357 (Fed. Cir. 2004). "The court must first interpret the claims to determine their proper scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Id.* (citations omitted).

"To infringe a claim, each claim limitation must be present in the accused product, literally or equivalently." *Dawn Equip. Co. v. Ky. Farms, Inc.*, 140 F.3d 1009, 1014 (Fed. Cir. 1998). The patentee must establish infringement by a preponderance of the evidence. *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). Because the ultimate burden of proving infringement rests with the patentee, an accused infringer may establish that summary judgment is proper "either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). If the accused infringer meets this initial burden, the burden shifts to the party asserting infringement to set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"Whether an accused device or method infringes a claim either literally or under the doctrine of equivalents is a question of fact." *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1207 (Fed. Cir. 2001) (citations omitted). "A patentee claiming infringement must present proof that the alleged infringing device meets each and every claim limitation." *Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1310 (Fed. Cir. 2001) (citations omitted); *See Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) (the absence of one claim element establishes non-infringement and makes the remaining issues of fact immaterial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

### 2.3    Patent Invalidity

A patent enjoys a presumption of validity. *See* 35 U.S.C. § 282(a). The accused infringer bears the burden of establishing invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 131 S. Ct. 2238, 2242–43 (2011); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003).

"A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). Anticipation is a question of fact. *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 958 (Fed. Cir. 2014).

A patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 961 (Fed. Cir. 2014) (quoting 35 U.S.C. § 103(a)). Obviousness is a question of law based on underlying facts. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Indefiniteness is a question of law. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1260 (Fed. Cir. 2014) (citing *Wellman, Inc. v. Eastman Chem. Co.*, 642 F.3d 1355, 1365–66 (Fed. Cir. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
|  | CV 18-03505 AG (SSx) |  |  |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC |  |  |
|  | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC |  |  |

## 3. ANALYSIS

### 3.1 Preliminary General Concerns About Arkon's and IBOLT's Summary Judgment Arguments

Arkon and IBOLT engage in a "kitchen sink" approach to their summary judgment motions that is largely unhelpful and unpersuasive. It is difficult for the Court to justify a detailed and thorough review of the record when Arkon and IBOLT have not provided the Court with the tools to conduct that review. In their grab-bag of non-infringement arguments, for instance, Defendants include minimal evidentiary citations to support their positions. Certain non-infringement positions include no citations or a citation to only a single sentence from that Defendant's Statement of Undisputed Fact. (*See, e.g.,* Dkt. 170 at 13 (no citation in section titled "The Mobile Grip 2 Products Do Not Have a Frame Member With Both Device And Clamp Mounting Surfaces); *see also* No. CV 18-3505, Dkt. 95 at 13, 14 (citing "SDF, 7" for one non-infringement argument and "SDF, 8" for another argument).) Following Defendants down the rabbit hole leads to either a sparse/confusing expert report or a declaration signed by Paul Brassard, the president of both Arkon and IBOLT, who provides his observations about the physical structure and properties of the accused devices. (Dkt. 173-1 (Rebuttal Expert Report of Gregory Bryant in support of Arkon ("Bryant Arkon Rebuttal Report")) at ECF40 ("The Mobile Grip 2 product has an elastomeric boot that is substantially incompressible . . . This rubber boot ***is flexible***, and ***cannot conform*** to an accessory device edge." (emphasis added)); Dkt. 172 (Declaration of Paul Brassard in support of Arkon's summary judgment motion ("Brassard Declaration")) ¶ 21 ("The rubber [overmold on each arm of the Mobile Grip 2 Product] is flexible and can be bent with little finger pressure").) Problems with the observations in the Brassard Declaration are addressed in the next section. Where Defendants include additional citations to support their positions, they're not always correct. (*See, e.g.,* No. CV 18-03505, Dkt. 95 at 10 (supposedly referring to a holding by the Court at "Dkt. 96 at p. 14," where a review of that docket entry and pincite (and the docket entry and pincite in the No. CV 18-02936 case) does not include IBOLT's quoted language);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

*see also id.* at 1 (first sentence of IBOLT's memorandum in support of summary judgment, referring to the wrong patent number for the asserted patent).)

There are other problems with Arkon's and IBOLT's summary judgment positions regarding non-infringement. Some of Arkon's and IBOLT's arguments rely on a comparison of the accused products to the claim language that is different from the comparison conducted in NPI's amended infringement contentions and by NPI's expert. For instance, IBOLT identifies components of its miniPro Connect product as meeting the "first frame member" and "second frame member" limitations of Claim 21 that are different from those identified by NPI's expert to meet these limitations. (*Compare* No. CV 18-3505, Dkt. 95 at 10 *with* Babcock IBOLT Infringement Report at ECF57.) It is NPI's burden to prove infringement, and up to NPI to decide how it thinks the asserted claims apply to the accused products. By failing to engage with NPI's infringement theories, Arkon and IBOLT create a confusing and in some ways misleading record for their summary judgment motions. The Court declines to engage with Defendants' non-infringement arguments that fail to engage with NPI's infringement positions.

Two substantive issues also deserve preliminary attention because they are reflected in many of Arkon's and IBOLT's non-infringement arguments. Both of these issues relate to Defendants' narrow characterizations of Claim 21's requirement of "the clamp mounting surface being structured to cooperate with the mounting structure of the clamping mechanism for positioning the resilient compressible pad spaced away from and inclined toward the device mounting surface."

First, Defendants state, "as made clear in the patent, the need for surfaces that cooperate is in embodiments where the clamp members are vertically adjustable relative to the frame members." (Dkt. 170 at 11 (citing '212 Patent at 5:15–39).) Although this appears to be a claim construction issue, Defendants did not include this vertical adjustability requirement in their proposed construction for the "structured to cooperate" claim phrase, and it was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |


considered in the claim construction order. Neither the plain language of the claims nor the specification supports Defendants' position. In fact, the specification states that clamp member adjustability is an optional feature. '212 Patent at 6:6–14 ("***Optionally***, the aperture **80** is embodied as a slot aligned with the length of the base portion **64** so that the clamp member **26** can be moved relative to the body portions **12, 20** . . . ***The optional ability*** to move the clamp member **26** relative to the body portions **12, 20** thus accommodates accessory devices with base portions having a wider range of thicknesses." (emphasis added)). Contrary to Defendants' arguments, there is not clear language in the '212 Patent specification tying the "need for surfaces that cooperate" to clamp members that are vertically adjustable relative to the frame members. Defendants did not present argument on this issue at the hearing. For these reasons, any of Defendants' non-infringement arguments based on lack of "adjustability" in the components of the accused products identified as "clamping members" are rejected.

Second, Defendants argue in a cursory fashion that the claim phrase "positioning the resilient compressible pad ***spaced away*** from and inclined toward the device mounting surface" warrants non-infringement for certain accused products. For instance, for Arkon's Slim Grip product, Arkon suggests that when components are "adjacent" to one another, they cannot be "spaced away." (Dkt. 170 at 16 ("[t]he jaw portion is not spaced away from the device mounting surface, but rather is adjacent to it.").) NPI's expert, meanwhile, asserts that the Slim Grip product's "clamp mounting surface cooperates with the mounting structure of the clamping mechanism (on the base portion) so that the resilient pad is ***kept away*** from the device mounting surface." (Babcock Arkon Infringement Report, ECF108, ¶ 25 (emphasis added); *see also id.* ECF108–110.) Rather than a claim construction issue, the parties simply appear to have a dispute over how to apply the "spaced away" language of the claims to the accused products. How a person of ordinary skill would apply the claim language to the accused products is a factual determination. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1302 (Fed. Cir. 2011); *see also Frank's Casing Crew and Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004); *Dow Chem. Co. v. United States*, 226 F.3d 1334, 1338 (Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Cir. 2000); *North Am. Vaccine, Inc. v. American Cyanamid Co.,* 7 F.3d 1571, 1574 (Fed. Cir. 1993). Defendants' arguments regarding "spaced away" cannot be resolved at the summary judgment stage because of these fact issues.

At the hearing, Defendants argued that the parties' dispute regarding "spaced away" is a claim construction dispute that must be addressed by the Court. But the hallmark of a claim construction dispute is a demonstration that the parties disagree about the interpretation of the patent intrinsic record. Neither at oral argument nor in its papers did Defendants identify language in the intrinsic record supporting a particular meaning of the phrase "spaced away," nor did they present a proposed construction for the phrase. At most, at the hearing, they characterized the intrinsic record as showing embodiments where the compressible pad is positioned, according to them, "far apart" from the device mounting surface. But this characterization was not further explained, nor did Defendants show that through these embodiments, the patent applicants intended to limit the meaning of the phrase "spaced away." Even if Defendants had adequately framed the issue as a claim construction dispute, they fail to explain why they only raise it now and did not raise it at the claim construction stage. But instead of presenting the issue as a claim construction dispute, Defendants relied on a comparison of the accused product to the patent claims to make their point about "spaced away." This is what is done in a patent infringement analysis, and leads to questions of fact that in this case not appropriately decided at this stage.

###     3.2     **Improper Opinions in the Brassard Declaration**

NPI has specifically challenged certain paragraphs of the Brassard Declaration as improper lay witness opinion testimony "based on scientific, technical, or other specialized knowledge." (Dkt. 179 at 24 (citing Fed. R. Evid. 701(c)).) Notably, the Brassard Declaration includes statements like,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
|  | CV 18-03505 AG (SSx) |  |  |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|  | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

[t]his industry and the technology behind it are fairly straightforward. Any layperson with an interest in mechanical devices could review the patent and technology in this case and understand the concepts at issue here. I have reviewed U.S. Patent No. 6,585,212, and feel I have an understanding of the technology in this case.

(Brassard Decl., ¶ 7.) The Brassard Declaration is then separated into sections by product. Near the beginning of each section, Brassard declares, "[p]er my reading of the patent and understanding of the technology at issue in light of these proceedings . . ." (*Id.* at ¶ 10; *see also id.* at ¶¶ 18, 25, 31.)

It would be one thing if Brassard purported to have first-hand personal knowledge—apart from this litigation—of the design and materials used in the accused products. Defendants assert as much, without citation, in their reply briefs. (*See, e.g.,* Dkt. 181 at 24.) But that's not what Brassard states in his declaration. Instead, he declares that he is offering opinions and observations about the accused products and prior art "[p]er [his] reading of the patent **and** understanding of the technology at issue *in light of these proceedings*." (Brassard Decl., ¶ 10 (emphasis added).)

At the hearing, Defendants emphasized ¶ 2 of the Brassard Declaration. In ¶ 2, Brassard states, "Arkon has been in business for over 20 years. For many years, its business has focused primarily on designing, manufacturing and selling products for mounting electronic devices like cell phones and computer tablets in cars and trucks." Although this paragraph provides limited information about **Arkon**, this paragraph provides no information about **Brassard's** experiences that would support allowing him to testify as a percipient witness under Fed. R. Evid. 701 to describe detailed aspects of the physical design of the accused products. Particularly when considered alongside his statements declaring that his opinions are made based on a review of the patent and the technology at issue in the proceedings, there is not sufficient basis to support allowing these portions of his testimony as a percipient witness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Defendants separately argue that Brassard's "experience renders him a person of ordinary skill in the art of these devices according to both experts." (Dkt. 181 at 25.) Brassard doesn't include any information about his training or experience anywhere in his declaration, making Defendants' assertion completely unsupported by evidence. More importantly, with this assertion, Defendants appear to be suggesting that Brassard could be qualified as a hybrid witness. But Defendants don't dispute that they didn't disclose Brassard under Rule 26(a)(2)(B) or Rule 26(a)(2)(C) by the appropriate deadline. His testimony is also improper under this theory.

NPI also asks the Court to strike paragraphs in the Brassard Declaration about Arkon's CM228 product, a product Defendants raise as prior art against the '212 Patent. Brassard asserts that CM228 was offered for sale before August 20, 2000 (the priority date of the '212 Patent) and attaches an archived webpage printout "showing the original version of the CM228 product." (Brassard Decl., ¶¶ 33–36.) Although the Court has some concerns about Brassards statements, except for sentences in ¶¶ 33 and 34 characterizing the physical properties of the CM228 product (*see* Dkt. 179-1 (NPI's Statement of Disputed Facts), ¶ 33), NPI has not sufficiently explained why they must also be stricken, and the Court declines to do so.

### 3.3    Non-Infringement

The parties' competing arguments regarding Defendants' summary judgment motions of non-infringement concerning Claim 21 are addressed product-by-product. The Court has rearranged the products based on the non-infringement arguments presented by Defendants. All arguments regarding the "elongated" limitations of Claim 27 will be addressed together in a single, later section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

### 3.3.1   IBOLT's sPro2 Product

IBOLT's only non-infringement arguments for its sPro2 products are that (1) "the sPro2 product has clamp mechanisms that are not vertically adjustable"; and (2) "the rubber pads are positioned adjacent to the device mounting surface." (No. CV 18-03505, Dkt. 95 at 16.) Both of IBOLT's arguments have already been addressed, and summary judgment on these grounds is inappropriate. *See supra* § 3.1.

### 3.3.2   Arkon's Slim Grip Product

Arkon presents two non-infringement arguments for its Slim Grip product.

First, Arkon argues that the Slim Grip product does not have a "jaw portion extending at an obtuse angle from one end of the base portion." (Dkt. 170 at 15.) Babcock, NPI's expert, includes annotated images in his expert report regarding infringement showing how he applies the obtuse angle limitation of the claims to the Slim Grip product:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |



(Babcock Arkon Infringement Report at ECF101; ECF102 (Arkon's Slim Grip Product).)
Babcock explains that his measurements are "consistent with the measurements shown in
embodiments in the '212 patent" because he measures "between the base portion and the jaw
portion, at a point where the jaw portion extends over the device mounting surface to engage
and securely hold an accessory device" and "the angle measurement does not include the
mounting structure which extends from, or is otherwise part of, the base portion." (*Id.* at
ECF102, ¶ 14.) Babcock states that Figure 3A of the '212 Patent informed his measurement
strategy:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |



*Fig. 3A.*

'212 Patent at FIG. 3A. Arkon challenges this measurement by stating that the angle in the Slim Grip product is "clearly acute," that NPI's opinion "makes no sense" and is made "by reference to arbitrary lines," and that "Arkon's construction is grounded firmly in common sense." (Dkt. 181 at 10–11.)



Slim Grip

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

(*Id.* at 11; *see also* Bryant Arkon Rebuttal Report at ECF50.) The parties' dispute over whether the Slim Grip product satisfies the obtuse angle limitation of the claims presents a fact dispute that cannot be resolved at the summary judgment stage. It will be up to the fact-finder to consider how the angle is measured between the portions of the Slim Grip device identified as the jaw portion and the base portion.

At the hearing, Defendants urged that the parties' dispute over obtuse angle measurement is a claim construction dispute. Defendants argued that the issue of how to construe the obtuse angle phrase was presented to the W.D. Wash. court during claim construction and further suggested that if the W.D. Wash. court had adopted one of the parties' competing positions, the issue would not be in dispute at this stage in the proceedings. The Court notes, however, that if the W.D. Wash. court had adopted Defendants' proposed claim construction for the phrase, it is likely that the same disputes would still be occurring. Defendants' proposal, which requested that the obtuse angle be measured "between the axis of the straight portion of the jaw portion and the intersecting axis of the base portion," on its face provides no information about how a person would calculate "the intersecting axis of the base portion." This is a problem that the W.D. Wash. court noted and that would presumably require an expert's opinion to show how a person of ordinary skill in the art would orient the base portion to designate an "intersecting axis." This issue aside, at the summary judgment stage, Defendants did not identify language in the intrinsic record mandating a particular interpretation of the phrase, nor did Defendants attempt to re-argue a particular construction of the phrase in their papers. Instead, Defendants' arguments focused on a comparison of the accused products to the claim language, an infringement analysis. Defendant's characterization of this dispute at the hearing as an ongoing claim construction issue is rejected.

Second, Arkon argues that the "[t]he jaw portion [of the Slim Grip product] is not spaced away from the device mounting surface, but rather is adjacent to it" and that "the clamp arms are not vertically adjustable." (Dkt. 170 at 16.) These arguments have already been addressed and do not support summary judgment. *See supra* § 3.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

### 3.3.3   Arkon's Universal Tablet Holder Product

Arkon's non-infringement arguments for its Universal Tablet Holder Product are the same as its arguments for the Slim Grip product. (*Compare* Dkt. 170 at 15–16 *with id.* at 17–18.) The same analysis from § 3.3.2 applies and summary judgment is inappropriate for the same reasons. (*See* Babcock Arkon Infringement Report at ECF126–127 (Describing how Babcock calculates an obtuse angle for the components of the Universal Tablet Holder product that he identifies as the jaw portion and the base portion); Dkt. 181 at 13 (Arkon's reply, including a similar annotated image for the Universal Tablet Holder product as included in its reply for the Slim Grip product)); *see also supra* § 3.1 (addressing "adjustable" and "spaced away" arguments).

### 3.3.4   IBOLT's xProDock Product

IBOLT presents two interrelated non-infringement arguments for its xProDock product. NPI contends, and IBOLT initially acknowledges NPI's contention, that "the top portion of the arm" of the xProDock Product represents the "jaw portion."



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
|  | CV 18-03505 AG (SSx) |  |  |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|  | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

(Babcock IBOLT Infringement Report at ECF98 (left); No. CV 18-03505, Dkt. 95 at 15 (right).) IBOLT argues that the "jaw portion" identified by NPI does not extend from the base portion at an obtuse angle and does not engage an accessory device. (No. CV18-03505, Dkt. 95 at 15.) IBOLT further argues that the xProDock product does not meet the requirement of a "resilient compressible pad fixed to a surface of the jaw portion positioned on an interior of the obtuse angle" because the "jaw portion of the clamp mechanism does not extend at an obtuse angle." (*Id.*)

Babcock has presented calculations to support his opinion that the jaw portion extends from the base portion at an obtuse angle:




(Babcock IBOLT Infringement Report at ECF99, ECF100.) NPI also presents marketing materials and deposition testimony to support the contention that the jaw portion engages accessory devices. (No. CV 18-3505, Dkt. 105 at 5 (citing No. CV 18-3505, Dkt. 105-9 (bates-stamped marketing materials for xProDock marked as Ex. 95 at deposition of Paul Brassard,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|----------|----------------------|------|-----------------|
|          | CV 18-03505 AG (SSx) |      |                 |
| Title    | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|          | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

showing image depicting phone resting against "adjustable feet" of an xProDock product); No. CV 18-3505, Dkt. 105-10 at 52:10–53:22 (excerpts from deposition transcript of Paul Brassard, discussing Ex. 95 and stating that "there's a lip coming up that – that provides extra protection in case the phone would slip for one reason or another.")).)

In reply, IBOLT argues for the first time that "a lower portion of the arm . . . 'engages an accessory device' and is therefore part of the jaw portion." (No. CV 18-3505, Dkt. 107 at 7.) IBOLT also disputes NPI's submitted deposition testimony, but wholly ignores the marketing materials presented by NPI. (*Id.* at 8.) IBOLT also for the first time makes the argument that "[t]here is no legitimate dispute that the rubber piece on the arm portion is mounted to a portion of the arm that extends straight from the base portion." (*Id.*)

Besides the fact that NPI didn't have a chance to respond to two of IBOLT's late raised arguments in the papers, the arguments rely on characterizations of the claim language that are not fully explained. For instance, IBOLT does not explain what language in the claims **requires** that the **entire** portion of the clamping mechanism that engages the accessory device must be part of the jaw portion. Nor does IBOLT explain what language in the claims **requires** that the **entire** resilient compressible pad be fixed to the jaw portion. The claims all include "comprising" in their transitional phrases—IBOLT does not explain why the claims must be limited such that, for instance, the only thing a base portion does is mount the clamping member to the frame member. At the very least, IBOLT's arguments raise fact disputes about the application of the claim language to the accused products that cannot be resolved at the summary judgment stage. At the hearing, although IBOLT discussed its argument in its reply about what it believes should constitute the "jaw portion" in the xProDock product, it did not directly respond to the Court's concerns in its tentative analysis regarding Defendants' interpretation of the claim language. Although NPI, meanwhile, failed to truly respond to IBOLT's concerns at the hearing (instead addressing a separate and related argument about whether the jaw portion engages the device), IBOLT's failure to fully explain its position doomed its argument. IBOLT's failure to address the marketing materials

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

presented by NPI also supports denial of summary judgment. IBOLT did not address this second issue at the hearing.

### 3.3.5   Arkon's RoadVise Product

Arkon provides three non-infringement arguments for its RoadVise product.

First, Arkon argues that its RoadVise product does not infringe Claim 21 of the '212 Patent because the jaw portion of RoadVise "extends in a straight line (180 degrees) from the base portion with one curved surface" and "the curved neck portion and bent neck portion are not the portions from which the obtuse angle is measured." (Dkt. 170 at 8.) Arkon's reply shows that its position is based on rejecting NPI's infringement contentions in favor of its own comparison of the claims to the RoadVise Product:



(Dkt. 181 at 4.)  But although Arkon cites Figure 3A of the '212 Patent, Arkon does not adequately explain why there is an absence of a genuine issue of material fact regarding whether the "obtuse angle" limitation is met by the RoadVise:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |



(Babcock Arkon Infringement Report at ECF54 (left); '212 Patent at FIG. 3A (right (figure has been flipped from how it appears in the '212 Patent).) Arkon's comments at the hearing failed to provide further clarity on the issue and generally related back to Defendants' same (rejected) argument that this is a claim construction dispute.

Second, apart from a mischaracterization of NPI's infringement contentions, Arkon argues that its RoadVise product does not infringe because the '212 Patent does not disclose clamping mechanisms that include slides or tracks. (Dkt. 170 at 9–10.) Arkon did not argue at claim construction that the clamping member/clamping mechanisms claimed by the '212 Patent must be limited to exclude structures including slides and/or tracks. Arkon has also failed to identify any language in the patent specification demonstrating that the patent applicant intended to limit the meaning of these terms.

At the hearing, Arkon argued that its position was not that a clamping member/clamping mechanism can never include slides and/or tracks. Rather, Arkon's position was based on a dispute over whether NPI's infringement theory should be allowed. As Arkon notes, NPI's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

infringement theory relies on designating two identical structures differently so that they can be said to meet different claim limitations. For instance, one of the "arms" of the RoadVise product and the attached slides are designated together as meeting the clamping member limitation. The middle section of the device is designated as meeting the first frame limitation. The second "arm" alone is designated as meeting the second frame limitation.

 

(Babcock Arkon Infringement Report at ECF56 (left), ECF47 (right).) Arkon has not presented sufficient argument or authority to support that this infringement approach is incorrect and must be precluded as a matter of law. In particular, Arkon's single cited case does not relate to an infringement analysis, but to a claim construction issue. *See CAE Screenplates, Inc. b. Heinrich Fiedler GmbH & Co.*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) (stating in the context of claim construction that different words in a claim are presumed to carry different meanings). Arkon's non-infringement argument is rejected at this stage.

Third, Arkon argues that "the two clamp mechanisms are attached to rods in a fixed manner and cannot be adjusted." (Dkt. 170 at 11.) Arkon's arguments about clamp member adjustability have already been rejected. *See supra* § 3.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

### 3.3.6 Arkon's Mobile Grip 2 Product and IBOLT's miniPro Connect Product

Arkon and IBOLT present four separate arguments to support their position that Arkon's Mobile Grip 2 product and IBOLT's miniPro Connect product do not infringe Claim 21 of the '212 Patent. Not all of these arguments need be addressed.

NPI asserts that the "clamping mechanism" in Arkon's Mobile Grip 2 product and IBOLT's miniPro Connect product is the rubber overmold covering the plastic arm extending upward from the side of the main body of these products, **not** the entire arm. NPI asserts that this same rubber overmold satisfies the "base portion," "jaw portion," and "compressible pad" elements of Claim 21. Some images from one of Babcock's expert reports illustrate NPI's position:

  

(Babcock Arkon Infringement Report at ECF72, ECF75, ECF76 (Arkon's Mobile Grip 2 Product); *see also* Babcock IBOLT Infringement Report at ECF51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

The Court has some concerns regarding whether NPI has presented sufficient evidence to support dividing the rubber overmold into a base portion and jaw portion, and calculating the "jaw portion *extending at* an obtuse angle *from one end of the base portion*" to satisfy infringement of Claim 21. However, it's not necessary to decide these questions. The Court finds that NPI has failed to present sufficient evidence to create a question of material fact to support that the Mobile Grip 2 and miniPro Connect products meet the "resilient compressible pad *fixed to a surface* of the jaw portion" limitation of Claim 21 and the "resilient compressible pad *mechanically fixed to a surface* of the jaw portion" limitation of Claim 27.

NPI has not presented sufficient evidence to support its position that a portion of the rubber overmold NPI and its expert identify as the "resilient compressible pad" is "fixed to a *surface*" of the jaw portion. As Babcock acknowledges,

> [d]uring the overmolding process, the material of the clamping mechanism is injected in a liquid state in a forming die around the clamp mounting surface of the first frame member, to form the shape of the clamping member as shown. The pad of the jaw portion is molded in that same manufacturing step.

(Babcock Arkon Infringement Report, ECF78, ¶ 17.) Babcock goes on to opine: "[i]n this way, the pad of the Accused Product is manufactured to be bonded, or fixed, onto an interior surface of the jaw portion." (*Id.*) Babcock does not identify this supposed "interior surface of the jaw portion." It is unclear how a "surface" can be a "surface" if it's on the "interior" of a solid material component. This is particularly true when that solid material component was admittedly formed in a single manufacturing step. These issues are aside from the Court's concerns regarding Babcock's opinions about the plain meaning of the term "fixed" as it appears in Claim 21 and "mechanically fixed" as it appears in Claim 27. The Court finds that NPI has failed to submit evidence showing a genuine issue of material fact as to literal infringement of these claim limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Perhaps recognizing some shortcomings with this position, NPI and its expert alternatively argue that the resilient compressible pad is at least present in these two accused products under the doctrine of equivalents. (*See, e.g.*, Babcock Arkon Infringement Report, ECF78–79, ¶ 18.) In their doctrine of equivalents arguments, however, NPI and Babcock focus on the resilient pad, but again fail to explain where to find the "surface" of the jaw portion where the pad is "fixed" in the accused products. (*See id.*) Without this information, NPI has not presented a genuine dispute of material fact to support that the raised ridges of the accused products perform substantially the same function in substantially the same way as the "resilient compressible pad ***[mechanically] fixed to a surface*** of the jaw portion" required by the asserted claims.

At the hearing, NPI did not present argument regarding literal infringement, but did renew its arguments regarding the doctrine of equivalents. NPI noted that Babcock's infringement report quotes the entire claim phrase, including the portion requiring that the pad be fixed to a "surface," before explaining how the claim limitation could still be met under the doctrine of equivalents. NPI's arguments are not persuasive. Babcock's report states,

> the Accused Product infringes because the structure identified herein performs substantially the same function (providing additional cushioning and support for an accessory device while limiting slippage) ***in substantially the same way (being a structure fixed on, and protruding from, an interior surface of the jaw portion)***, to achieve substantially the same result (gently and securely gripping an accessory device).

Babcock Arkon Infringement Report, ECF78–79, ¶ 18 (emphasis added). Without providing opinion regarding where to find the interior "surface" of the jaw portion or alternatively what in the accused product is equivalent to a missing surface, this doctrine of equivalents argument must fail as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Because summary judgment of non-infringement is appropriate as to Claim 21, it is also appropriate as to dependent Claim 23, which by its nature includes the same limitations missing from the accused products.

### 3.3.7   Claim 27 and "Elongated Base Portion"/ "Elongated Jaw Portion" Requirements

Although the Court has already concluded that Arkon's Mobile Grip 2 product and IBOLT's miniPro Connect product do not infringe Claim 27 for other reasons, they are also considered in this section.

Unlike Claim 21, which only refers to a "substantially rigid base portion" and "substantially rigid jaw portion," Claim 27 requires a "substantially rigid, *elongated* base portion" and "a substantially rigid, *elongated* jaw portion." The parties did not seek construction of the term "elongated." To support its argument that Claim 27's "elongated base portion" requirement, for example, is met, Babcock includes just two verbatim sentences for Arkon's RoadVise product, Arkon's Mobile Grip 2 product, IBOLT's miniPro Connect product, IBOLT's sPro2 product, and IBOLT's xProDock product:

> For the reasons I describe above with respect to claim 21(c) [(unrelated to "elongated" requirement)], the Accused Product satisfies this claim limitation. As shown in the figures above, the base portion is elongated, as it has sufficient length to perform its function of supporting the jaw portion and mounting to an external member—the frame member.

(Babcock Arkon Infringement Report at ECF63, ¶ 36; ECF88, ¶ 36; Babcock IBOLT Infringement Report at ECF65, ¶ 36; ECF89, ¶ 36; ECF111, ¶ 35.) Babcock adds a third sentence for Arkon's Slim Grip product and Arkon's Universal Tablet Holder product: "[t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

base portion of the first clamping mechanism depicted above is also elongated in that it *effectively extends* the device mounting surface to accommodate accessory devices of different sizes." (Babcock Arkon Infringement Report at ECF114, ¶ 35; ECF137, ¶ 35.)

Babcock does not explain how having "sufficient length to perform its function" qualifies a component as being "elongated." Under Babcock's logic, any functioning base portion could be considered "elongated." As Defendants observe, such an approach would turn the term "elongated" into surplusage. Babcock's two-sentence assertions for Arkon's RoadVise product, Arkon's Mobile Grip 2 product, IBOLT's miniPro Connect product, IBOLT's sPro2 product, and IBOLT's xProDock product are not consistent with the plain and ordinary meaning of the term "elongated" are insufficient to create a genuine fact question supporting patent infringement by these products.

NPI suggests, in part, that Defendants have failed to meet their initial burden under *Celotex* to identify a lack of a genuine dispute of material fact. (*See, e.g.*, No. CV 18-03505, Dkt. 105 at 7.) NPI notes that the only evidentiary support for Defendants' non-infringement position is inadmissible paragraphs of the Brassard Declaration. (*See* No. CV 18-03505, Dkt. 105-1 (NPI's Statement of Genuine Disputes of Fact), ¶¶ 8, 11, 15.)

Although NPI challenges the sufficiency of Defendants' proffered evidence for these arguments, it is NPI's burden to prove patent infringement as alleged in its Complaint. At least as to Arkon's RoadVise product, Arkon's Mobile Grip 2 product, IBOLT's miniPro Connect product, and IBOLT's xProDock product, NPI has failed to show that it will be able to do so for Claim 27 (and thus also Claim 30, for Arkon's RoadVise) of the '212 Patent.

The Court does question why Babcock and NPI presented so few arguments or opinions regarding whether IBOLT's sPro2 product and IBOLT's xProDock product included an elongated base portion. However, it is NPI's burden, not the Court's, to prove infringement, and NPI has not submitted adequate argument or evidence to support its arguments regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
|  | CV 18-03505 AG (SSx) |  |  |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|  | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

the "elongated" limitations for these two products. At the hearing, NPI did not further address this issue.

The issue is also much closer for Arkon's Slim Grip product and Arkon's Universal Tablet Holder product. Although Babcock's arguments still appear a step removed from the question of whether a component is "elongated," it is possible that opinions about an "extended" base portion could create a factual issue regarding such a determination. Although the parties presented argument on these two products at the hearing, that argument continued to highlight the potential fact disputes as to whether this claim limitation is met. For these two products, the Court finds that factual questions based on Babcock's additional opinions preclude summary judgment of non-infringement.

### 3.3    Invalidity

#### 3.3.1    Anticipation

NPI moves for summary judgment of no anticipation of the asserted claims. Dkt. 175 at 1. The parties discuss three prior art references in the briefing on NPI's motion: 1) U.S. Patent No. 5,305,381 to Wang et al ("Wang"); 2) a physical sample of a product under the model number CM228, which Arkon contends it sold before the priority date of the '212 Patent ("the CM228 product"); and 3) a product called the "Panavise PortaGrip 2000."

At the hearing, as NPI observed, Defendants did not address anticipation, apparently conceding that they intend to bring their invalidity arguments under obviousness theories.

In their oppositions, both Defendants state they "do[ ] not contend that the Panavise PortaGrip 2000 anticipates the asserted claims." (Dkt. 177 at 2 n.2; No. CV 18-03505, Dkt. 103 at 2 n.2.) Summary judgment is appropriate on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Regarding the CM228 product, NPI argued that the CM228 product did not include the jaw/base portion "obtuse angle" requirement or the requirement of a "resilient compressible pad spaced away from and inclined toward the device mounting surface." In response, both Defendants state they

> admit[ ] that the arms are not inclined because of an obtuse angle between the jaw portion and the base portion, but rather because the frame member surfaces to which the arms are mounted are themselves inclined relative to a device mounting surface. This is why rather than argue anticipation, [Defendants] argue[ ] that it would be obvious to modify the inclined arms of the CM228 Product to have an obtuse angle. However, . . . if the Court entertains NPI's alleged angle measurement, which it should not, the angle of the Arkon CM228 jaw portion is as obtuse as the accused products.

(Dkt. 177 at 16; No. CV 18-03505, Dkt. 103 at 16.) Defendants fail to submit evidence or explanation to support their alternative contention that "the angle of the Arkon CM228 jaw portion is as obtuse as the accused products." Moreover, they do not even attempt to provide argument to support their position that the separate "resilient compressible pad spaced away from and ***inclined toward the device mounting surface***" limitation is met by the CM228 product. On this conclusory record, Defendants have failed to create a question of material fact to support an ongoing claim that the CM228 product is anticipatory prior art.

For the first time in its reply brief, NPI challenges whether the relevant version of the CM228 product was available before the '212 Patent's priority date. (*See, e.g.*, Dkt. 177 at 10.) By waiting to bring this argument until its reply brief, Defendants were not given an opportunity to respond to it, and it will not be addressed.

NPI makes various arguments to support its request for summary judgment of no anticipation as to Wang, including that Wang does not disclose components that could me the jaw/base

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

portion obtuse angle limitation of the asserted claims. Rather than strongly dispute that this limitation is missing from Wang, Defendants argue that if NPI's infringement contentions for certain accused products are allowed to stand, so too should Defendants' position that Wang is an anticipatory reference. (*See, e.g.*, Dkt. 177 at 7.) Defendants include the following images to support their position:



Wang, Fig. 6       Slim Grip       Universal Tab Mount       '212 Patent
(acute)            (acute)         (acute)                   (obtuse)

(*Id.* at 12.) As NPI observes, Defendants identify component 4 of Wang as the clamping mechanism and component 20 as the frame member. (Dkt. 180 at 5 (citing Dkt. 177 at 11–12).) Under Defendants' theory, both the jaw portion and base portion would necessarily be located on component 4. As NPI puts it

> [s]ince Arkon contends that component 20 of the Wang Patent is the 'frame member,' and not the 'base portion,' the angle cannot be measured from component 20, and the angle is completely different from that of any of the accused products . . . there is nothing but a non-angled, straight line between the identified 'base portion' and 'jaw portion' and thus no 'obtuse angle' as required by the claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

(*Id.*) The Court agrees with NPI's analysis and finds that Defendants have failed to present a dispute of material fact to support their position that Wang could be an anticipatory prior art reference. Summary judgment is again appropriate.

### 3.3.2 Obviousness

Although Defendants move for summary judgment that the asserted claims are obvious over Wang or CM228 in combination with other prior art references, Defendants do not include any paragraphs in their Statements of Undisputed Facts explaining how their proffered combination of references discloses every limitation of any particular asserted claim. (*See generally, e.g.*, Dkt. 179-1.) Defendants also fail, for example, to walk through the limitations in the asserted claims in their summary judgment memoranda themselves and show how the prior art meets each limitation. Defendants' opening summary judgment memoranda do not even provide a cite to sections of an expert support supplying this information. Nor do Defendants attempt to respond in their motions to the expert opinions and contentions regarding validity that they had received from NPI before summary judgment motions were filed. NPI specifically calls Defendants out on these failures in its opposition briefs. (Dkt. 179 at 15–16.) In response, Defendants provide a single citation to their expert's report on invalidity ("Dkt. No. 173-2") and tell the Court that it "can ascertain from a quick review of the Wang Patent even without any expert disclosure" that the Wang Patent teaches some features of the asserted claims. (Dkt. 181 at 17.) Defendants do not even attempt to respond to NPI's list of limitations that it contends are not disclosed by the prior art.

At the hearing, Defendants simply placed a CM228 sample next to a Slim Grip product sample and encouraged the Court that a person of skill in the art would be able to modify the CM228 sample to achieve inclined clamping mechanisms and meet all the other claim limitations. Aside from the fact that Defendants draw their invalidity comparison between the accused product and prior art rather than between the prior art and the claims, as NPI noted at the hearing, Defendants' "equitable approach" to obviousness does not come close to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

meeting the standard required by the law. Defendants did not otherwise explain the shortcomings in their motion and how the Court could overlook those shortcomings in considering Defendants' requested relief.

It is Defendants' burden to prove invalidity by clear and convincing evidence. The Court declines Defendants' invitation for the Court to piece together Defendants' obviousness arguments for them, and after doing so, resolve disputed factual questions in Defendants' favor. Defendants have not brought an adequate summary judgment motion on obviousness grounds, and it is accordingly denied.

### 3.3.3   Indefiniteness of Claim 27

Defendants argue that Claim 27 is invalid as indefinite based on the phrase "[a] clamping mechanism, comprising: a substantially rigid, elongated base portion including structure for mounting on an external member." (Dkt. 170 at 19.) Their indefiniteness argument is based on two grounds. Defendants did not raise either of their indefiniteness arguments at the hearing.

First, Defendants argue that because NPI amended its infringement contentions after claim construction to identify "a completely different structure" as the "external member" of Claim 27, it is indefinite. (*See id.*) Defendants do not present any authority to support the position that a plaintiff's changes to its infringement contentions can alone serve as the basis to find a claim phrase indefinite, and the Court is aware of none. To the extent Defendants' reply submits claim construction arguments about the meaning of the term "external member" (*see* Dkt. 181 at 17) they are not considered because they are untimely raised. This argument is rejected.

Second, Defendants argue that 1) the preamble of Claim 27 is limiting; and 2) the claim construction order found "clamping mechanism" to only refer to the "arm tool that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

mounted onto the frame members and grips the accessory device," not the entire device (Dkt. 96 at 22), making Claim 27 indefinite. (Dkt. 170 at 20.) NPI's opposition argues, among other things, that Defendants' indefiniteness arguments are waived because they were not included in Defendants' invalidity contentions. (Dkt. 179 at 11.) Defendants do not re-raise the "clamping mechanism" indefiniteness argument in their reply briefs. This means that their reply briefs also fail to identify where they disclosed this indefiniteness argument in their invalidity contentions. Defendants' bid for summary judgment of indefiniteness is denied.

### 3.4     Failure to Mark

Under 35 U.S.C. § 287(a), a patentee who makes, offers for sale, or sells a patented article may have its damages for infringement of non-method patent claims limited unless the patentee marks the patented article with its patent number. Alternatively, a patentee can satisfy this "marking" requirement of § 287 "by fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent." 35 U.S.C. § 287(a). Whether a patentee has complied with the marking statute is a question of fact. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). The patentee carries the burden of pleading and proving compliance with the statutory requirements. *Id.*

The parties do not appear to dispute that: 1) NPI sells products that practice the '212 Patent; 2) NPI marks at least some of those products with the word "PATENTED" and the URL of NPI's website, www.ram-mount.com; 3) any person can access the website, but has to additionally navigate to a "Patents and Trademarks" page of the website to see a listing of NPI's patents; 4) the "Patents and Trademarks" page lists over 100 patents, and does not identify specific patents as associated with specific NPI products. (*See* Dkt. 170 at 25; Dkt. 179 at 22–23, 23 n.9.) The parties dispute the difficulty in navigating to NPI's "Patents and Trademarks" page. (Out of curiosity, the Court attempted to access the "Patents and Trademarks" page from NPI's website's home page, but did not find any links on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

homepage that directly linked to such a webpage, which is apparently nested under the link "Legal.") They also dispute, no matter whether the "Patents and Trademarks" page is prominent or not, whether these facts are sufficient to demonstrate compliance with the marking statute.

Although Defendants raise the issue, as NPI notes, marking is a question of fact and Defendants "do[ ] not cite any authority finding NPI's marking efforts insufficient, least of all on summary judgment." (Dkt. 179 at 23.) Despite the obvious invitation in NPI's opposition to come back with some authority, Defendants again fail to cite a single case on the marking issue in their reply briefs. (Dkt. 181 at 23; No. CV 18-03505, Dkt. 107 at 19.) At the hearing, Defendants argued for the first time that they cited no cases because there are no cases. According to Defendants, this is a question of first impression.

The parties dedicated a total of approximately 6 pages of briefing to the marking issue. Defendants—the movants—included arguments that account for at most a page and a half. In doing so, Defendants, for instance, failed to respond to NPI's caselaw referencing the Supreme Court's "long-standing focus on the notice effected by the method of marking the patented article rather than on the precise mechanistic compliance with the statute." *Rutherford v. Trim-Tex, Inc.*, 803 F. Supp. 158, 161 (N.D. Ill. 1992). Defendants also made no attempt to analogize to other circumstances and no attempt to explain why the current circumstances would make it inequitable for NPI to be afforded protection under the marking statute.

The Court finds this to be an intriguing issue. *See* Report to Congress on Virtual Marking, September 2014, https://www.uspto.gov/sites/default/files/aia_implementation /VMreport.pdf. But the Court finds that on the current record, Defendants have failed to meet their burden of adequately raising the issue for summary adjudication. Particularly if the issue truly is one of first impression, placing legal limits on what constitutes marking would be inappropriate on such a significantly limited record. Because the question of compliance with the marking statute is also generally recognized as a question of fact and Defendants have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

adequately raised this issue in their page and a half of briefing, summary judgment on this issue must be denied.

### 3.5    Estoppel/Acquiescence/Waiver

NPI moves for summary judgment on Defendants' affirmative defenses of waiver, acquiescence, and estoppel. (Dkt. 175 at 1; *see also* No. CV 18-03505, Dkt. 100 at 1.) IBOLT states that it "does not oppose Plaintiff's motion as to iBolt's affirmative defense of waiver, acquiescence and estoppel." (No. CV 18-03505, Dkt. 103 at 17.) Arkon, meanwhile, initially argues that a factual dispute exists as to whether NPI waived, acquiesced, or should be estopped from enforcing the '212 Patent against it. (Dkt. 177 at 16.) But two pages later, Arkon states, "[w]hile the waiver and acquiescence defenses may not apply here, there is at least a dispute of material fact regarding the equitable estoppel defense." (*Id.* at 18.) Arkon's opposition fails to include facts that might support the conclusion that the legal elements of waiver or acquiescence have been met, making summary judgment appropriate for those two defenses. The only remaining issue is whether Arkon has submitted evidence to create a question of material fact to support its estoppel defense. The parties did not present argument regarding this dispute at the hearing.

"A party raising equitable estoppel as a defense must prove, by a preponderance of the evidence, three elements: '(1) The [patentee], who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct.'" *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004) (quoting *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954 (2017)). As *A.C. Aukerman* further observed,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

for equitable estoppel the alleged infringer cannot be unaware—as is possible under laches—of the patentee and/or its patent. The alleged infringer also must know or reasonably be able to infer that the patentee has known of the former's activities for some time. In the most common situation, the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years. . . . plaintiff's inaction must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned.

*A.C. Aukerman*, 960 F.2d at 1042 (emphasis added); *see also id.* at 1043–44 ("[S]ilence alone will not create an estoppel unless there was a clear duty to speak or somehow the patentee's continued silence reenforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested."). "And a court may not presume that the underlying elements of equitable estoppel are present, regardless of how much time has passed." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 767 F.3d 1339, 1344 (Fed. Cir. 2014), *reh'g en banc granted, opinion vacated*, No. 2013-1564, 2014 WL 7460970 (Fed. Cir. Dec. 30, 2014), and *adhered to in relevant part on reh'g en banc*, 807 F.3d 1311 (Fed. Cir. 2015).

Arkon argues, "[a] material dispute of fact exists as to whether NPI was aware that Arkon's accused products infringed the '212 patent by at least November 2011." (Dkt. 177 at 16.) Seemingly contrary to this statement, Brassard declares that "Arkon did not know of U.S. Patent No. 6,585,212 prior to receiving the Complaint in this action. Arkon was never contacted by NPI or put on notice of U.S. Patent No. 6,585,212 prior to being served with the Complaint in this action." (Brassard Decl., ¶ 37; *see also* Dkt. 170 at 25 (Arkon's summary judgment motion, supporting its failure to mark argument by stating, "[i]t is undisputed that NPI never contacted Arkon prior to filing of the Complaint in this action regarding Arkon's alleged infringement.").) Indeed, Arkon's opposition goes on to rephrase, stating that "NPI threatened Arkon by lobbing vague accusations of infringement at trade shows as far back as 2011, [but] it did not file a lawsuit, send cease and desist letters, or even specifically inform

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

Arkon of the products it believed were infringing and the basis for its allegations." (Dkt. 177 at 16; *see also* Dkt. 177-15 at ¶ 23 (Declaration of Paul Brassard in support of Arkon's opposition to NPI's summary judgment motion, stating "[s]everal times prior to 2014, Jeffrey Carnevali approached Arkon employees at trade shows and made vague, conclusory allegations that Arkon had infringed NPI's patents.")); Dkt. 177-6 at 102:2–106:4 (deposition testimony of Aaron Roth, stating, "[t]he message that was relayed to us was the same that had been done previously, where Jeff Carnevali had come to our booth and said oh, your products infringe on mine. No specifics.").) The only other evidence Arkon submits is a purchase order showing that Carneveli purchased one of the accused products at a trade show in 2011. (Dkt. 177-15, Ex. A.)

Even setting aside what seem to be hearsay issues with the evidence supporting Arkon's position, Arkon has failed to submit sufficient evidence to demonstrate that NPI *specifically* objected to Arkon's sales of the four accused products on the basis that they infringed the '212 Patent. Arkon's own evidence supports the conclusion that to the extent Carnevelli threatened suit, his threats were "vague," with "no specifics." Moreover, Arkon has not provided evidence of other facts such as "facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." *A.C. Aukerman*, 960 F.2d at 1042. In short, Arkon has failed to submit sufficient evidence to create a genuine question of material fact to support its equitable estoppel defense.

## 4. DISPOSITION

The Court **STRIKES** ¶¶ 6 (except third sentence), 7, 10–16, 18–22, 25–27, 31–32, 33 (second sentence only), and 35 (second sentence only) of the Brassard Declaration in support of Arkon's Summary Judgment Motion (Dkt. 172).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
| | CV 18-03505 AG (SSx) | | |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
| | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

The Court **STRIKES** ¶¶ 6 (except third sentence), 7, 9–13, 17–18, 21–23, 24 (second sentence only), and 26 (second sentence only) of the Brassard Declaration in support of IBOLT's Summary Judgment Motion (Dkt. 96).

Arkon's Motion for Summary Judgment of Non-Infringement by its Slim Grip product and by its Universal Tablet Holder product is **DENIED**.

Arkon's Motion for Summary Judgment of Non-Infringement of Claims 21, 23, and 27 is **GRANTED** as to its Mobile Grip 2 Product.

Arkon's Motion for Summary Judgment of Non-Infringement by its RoadVise product is **DENIED** as to Claims 21 and 23 and **GRANTED** as to Claims 27 and 30.

IBOLT's Motion for Summary Judgment of Non-Infringement by its sPro2 product is **DENIED** as to Claims 21 and 23 and **GRANTED** as to Claim 27.

IBOLT's Motion for Summary Judgment of Non-Infringement by its xProDock product is **DENIED** as to Claims 21 and 23 and **GRANTED** as to Claim 27.

IBOLT's Motion for Summary Judgment of Non-Infringement of Claims 21, 23, and 27 is **GRANTED** as to its miniPro Connect Product.

Arkon's Motion for Summary Judgment of Invalidity is **DENIED**.

IBOLT's Motion for Summary Judgment of Invalidity is **DENIED**.

Arkon's Motion for Summary Judgment for no pre-suit damages (based on NPI's failure to mark) is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-02936 AG (SSx) | Date | January 9, 2019 |
|---|---|---|---|
|  | CV 18-03505 AG (SSx) |  |  |
| Title | NATIONAL PRODUCTS, INC v. ARKON RESOURCES, INC | | |
|  | NATIONAL PRODUCTS, INC v. WIRELESS ACCESSORY SOLUTIONS, LLC | | |

IBOLT's Motion for Summary Judgment for no pre-suit damages (based on NPI's failure to mark) is **DENIED**.

Both of NPI's Motions for Summary Judgment are **GRANTED** in their entirety.

_____ : _____

Initials of Preparer                          _____